T.C. Memo. 2015-241

UNITED STATES TAX COURT

JAMES A. OGDEN AND CHRISTIE E. OGDEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23344-14.                    Filed December 14, 2015.

James A. Ogden and Christie E. Ogden, pro sese.

<u>Clint J. Locke</u> and <u>Horace Crump</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  Respondent determined that petitioners were liable for an

accuracy-related penalty under section 6662(a) for 2010.[1]  The sole issue for

---

[1]All section references are to the Internal Revenue Code in effect for the
year at issue.  All monetary amounts are rounded to the nearest dollar.

[*2] decision is whether petitioners are liable for the section 6662(a) penalty. We find that they are.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Mississippi when their petition was filed.

Petitioners filed a joint Federal income tax return for 2010 reporting taxable income of $1,268,917. Most of the income on the return came from petitioner James Ogden's law practice, Ogden & Associates, Attorneys at Law, PLLC. A certified public accountant (C.P.A.) prepared the return using information that Mr. Ogden had compiled and provided, such as the law firm's bank statements and invoices. Mr. Ogden then reviewed the return to make sure "the numbers matched up." He did not "go into the schedules and pick things apart because * * * [he was] more concerned with the gross number and the fact that * * * [he] owe[d] taxes and how much." Respondent audited petitioners' 2010 return, and the audit revealed that petitioners had deducted $505,417 for "Contract labor" expenses on part II of their Schedule C, Profit or Loss From Business, and had also subtracted this amount from gross receipts as "Cost of goods sold" (COGS) on part I of the Schedule C.

**[\*3]** Most of the contract labor expenses reported on part II of petitioners' Schedule C were taken from wages reported on information returns, specifically, Forms 1099-MISC, Miscellaneous Income, that Mr. Ogden prepared on behalf of his law firm and provided to his C.P.A. Part II of petitioners' Schedule C reported total contract labor expenses of $1,528,242. Mr. Ogden's law firm summarized the total value of payments reported on the Forms 1099-MISC as $1,503,189 on Form 1096, Annual Summary and Transmittal of U.S. Information Returns. Petitioners' contract labor expenses that were treated as COGS stem from three Forms 1099-MISC.

Respondent's audit also revealed that petitioners had failed to report $450,000 of gross receipts. At trial Mr. Ogden explained that he did not detect the unreported income because it came from a source different from his other law practice compensation. In 2010 Mr. Ogden's firm used a trust to handle most of its revenue. The trust then distributed Mr. Ogden's earnings into his operating account. Mr. Ogden argues that the unreported gross receipts came from his work on a bankruptcy case where the Bankruptcy Court required him to set up a separate account to handle his compensation for services. Mr. Ogden stated that as a result, his check for services performed on that case was inadvertently

[*4] deposited directly to his operating account without going through the law firm's trust account, causing his failure to report $450,000 of gross receipts.

Respondent determined that petitioners' correct taxable income was $1,945,156 rather than the $1,268,917 reported on their return for 2010. On this increase, respondent determined a deficiency of $255,040 and a section 6662(a) penalty of $51,008. Petitioners accepted the deficiency, and it was assessed. Petitioners contest the penalty on the grounds that they had reasonable cause and acted in good faith with respect to the underpayment of tax on their 2010 tax return. Specifically, they argue that they reasonably relied on advice from their C.P.A. to prepare their return and their underpayment was the result of an isolated computational error that went undetected by their C.P.A.

At trial a C.P.A. employed by the accounting firm responsible for preparing petitioners' tax returns testified. The C.P.A. who testified was the one who assisted with petitioners' audit, but he did not prepare their 2010 return. The C.P.A. testified that because the $505,417 of contract labor expenses treated as COGS was included in a larger total COGS amount, it was hard to spot upon cursory review.

**[\*5]**                                              OPINION

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty upon the portion of any underpayment of tax that is attributable to negligence or disregard of rules or regulations or a substantial understatement of income tax. "Negligence" is defined as "any failure to make a reasonable attempt to comply" with the provisions of the Code, and "disregard" means any "careless, reckless, or intentional disregard." Sec. 6662(c). An "understatement" is generally the excess of the amount of tax required to be shown on the return over the amount of tax actually shown on the return. Sec. 6662(d)(2)(A). A "substantial understatement" of income tax exists if the understatement exceeds the greater of (1) 10% of the tax required to be shown on the return for a taxable year or (2) $5,000. See sec. 6662(d)(1). The Commissioner bears the burden of production with respect to a section 6662 penalty. Sec. 7491(c). Once the Commissioner satisfies his burden, the burden shifts to the taxpayer to prove that the penalty does not apply. Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

Petitioners concede that they negligently failed to report gross receipts of $450,000, and they agree to the tax deficiency that respondent determined for 2010. Furthermore, the evidence establishes that the understatement for 2010 exceeds 10% of the tax required to be shown on the return, which is greater than

[*6] $5,000.  Therefore, respondent has met the burden of production and the burden of proof thus shifts to petitioners.

The section 6662 penalty does not apply to any portion of an underpayment "if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to * * * [it]."  Sec. 6664(c)(1).  The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  Relevant factors include the taxpayer's efforts to assess his or her proper tax liability, the knowledge and experience of the taxpayer, and the reliance on the advice of the professional.  See id.  Reasonable cause has been found when a taxpayer selects a competent tax adviser, supplies the adviser with all the relevant information, and consistent with ordinary business care and prudence, relies on the adviser's professional judgment as to the taxpayer's tax obligations.  Sec. 6664(c); United States v. Boyle, 469 U.S. 241, 250-251 (1985); Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); Estate of Young v. Commissioner, 110 T.C. 297, 317 (1998).

Petitioners contend that they reasonably and in good faith relied on their C.P.A.'s advice in the preparation of their 2010 return.  We disagree.  On the basis

**[\*7]** of Mr. Ogden's testimony at trial, we find that his cursory review of petitioners' return did not constitute proper review.[2]

Petitioners' negligence in failing to report $450,000 of gross receipts was not the only error on their 2010 return. Petitioners also claimed the same contract labor expenses multiple times on different parts of their return. Even if the error by petitioners' C.P.A. was an "innocent oversight" (such as an innocent computational or transcriptional error), petitioners did not have reasonable cause for signing an erroneous return. See Woodsum v. Commissioner, 136 T.C. 585, 594 (2011). Petitioners did not call the C.P.A. who prepared their 2010 return as a witness, and they presented no evidence that this C.P.A. gave "advice" that they could rely on. See id. at 592-593. In order to constitute "advice" under section 1.6664-4(c)(2), Income Tax Regs., a communication must reflect the adviser's "analysis or conclusion." Id. at 593. At trial neither Mr. Ogden nor the C.P.A. who participated in the audit of petitioners' 2010 return testified sufficiently to this point.

A reasonable inspection of the return by petitioners would have uncovered both the unreported gross receipts and the improperly claimed deduction. See

---

[2]We need not discuss whether petitioners had reasonable cause for failing to report $450,000 of gross receipts because they stipulated the penalty for this unreported amount.

[*8] Viola v. Commissioner, T.C. Memo. 2013-213; cf. Thrane v. Commissioner, T.C. Memo. 2006-269 (holding that the taxpayer had reasonable cause for failure to report income in part because a reasonable inspection of his return would not have uncovered the sole error on the return). Although petitioners' C.P.A. testified that the portion of contract labor expenses treated as COGS on petitioners' return was hard to spot, we believe Mr. Ogden had sufficient knowledge to detect the error on the return. Because Mr. Ogden prepared the Forms 1099-MISC for the attorneys at his firm, he should have known the total amount of contract labor expenses. Even so, the amount of contract labor expenses reported on petitioners' return did not remotely match the amount of total contract labor expenses reported on Mr. Ogden's law firm's Form 1096. This, combined with the fact that petitioners did not report $450,000 of income on their return, shows that more diligence was needed on their part to reasonably assess their proper tax liability. Accordingly, we find that petitioners did not have reasonable cause for their underpayment of income tax for 2010. We therefore sustain respondent's determination that petitioners are liable for the section 6662(a) penalty for that year.

We have considered the other arguments of the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

**[*9]** To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.